𝕴𝖓 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘
𝕱𝖔𝖗 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕾𝖔𝖚𝖙𝖍 𝕮𝖆𝖗𝖔𝖑𝖎𝖓𝖆

BEAUFORT DIVISION

**RECEIVED**
NOV 1 4 2005
LARRY W. PROPES, CLERK
CHARLESTON, SC

Dexter Wigfall, #275859,          )
                                  )   Civil Action No. 9:05-2181-HFF-GCK
                 Petitioner,      )
                                  )
vs.                               )
                                  )   **REPORT AND RECOMMENDATION**
William M. White, Warden, BRCI; and ) **OF THE MAGISTRATE JUDGE**
Henry D. McMaster, Attorney General )
for South Carolina,               )
                                  )
                 Respondents.     )
_____)

## I. INTRODUCTION

The Petitioner, Dexter Wigfall ("Petitioner" or "Wigfall"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this United States Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. *PRO SE* PETITION



Wigfall is presently incarcerated in the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections (the "SCDC"). Wigfall filed this Petition for a writ of habeas corpus (the "Petition") on July 12, 2005 against William M. White, Warden, BRCI, and Henry D. McMaster, the Attorney General for the State of South Carolina.[1]  [1-1]. Wigfall is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (*per curiam*); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v.

---

[1]   Wigfall has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of July 12, 2005. See Order [4-1] filed on August 8, 2005 at p. 1, n.1.

Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* Leeke v. Gordon, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Publ L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). Moreover, the Court cannot ignore a clear failure in the pleading to allege facts supporting a claim cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.1990). Such is the case with the present Petition.



### III. PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions

During the September 2000 term of the Court of General Sessions for Orangeburg County, the grand jury returned an indictment against Wigfall for arson in the second degree (00-GS-38-1529). He was represented by Clyde Dean, Esquire with respect to the charge. Wigfall pled not guilty to the charge. On June 14, 2001, Wigfall received a jury trial before the

Honorable Luke N. Brown, Jr. and was found guilty as charged. Judge Brown sentenced Wigfall to confinement for a period of twenty-five (25) years.[2]

Wigfall served and filed a timely Notice of Appeal. Debra Y. Chapman, Esquire, represented Wigfall on the appeal. Petitioner, through counsel, submitted an undated Brief of Appellant in which he presented the following issue:

> Did the trial court err in denying Appellant's motion for directed verdict, when the State had failed to prove the essential elements of the crime of arson in the second degree or offer any substantial evidence linking Appellant to the crime?

The State filed a Final Brief of Respondent on April 16, 2002. The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion filed on January 7, 2003. *See* State v. Wigfall, 2003-UP-019 (S.C. Ct. App. filed January 7, 2003).

On March 24, 2003, Petitioner, through counsel, filed a Petition for a Writ of Certiorari, which presented one issue:

> Did the Court of Appeals err in deciding the trial court's denial of a motion for summary judgment was proper?

The State filed its Return on April 23, 2003. The South Carolina Supreme Court denied the Petition in an unpublished letter Order dated September 24, 2003. The Remittitur was sent to the Orangeburg County Clerk of Court on October 8, 2003.

### B. Petitioner's First Application for Post-Conviction Relief

Prior to the filing of Petitioner's Petition for a Writ of Certiorari in March 2003, the Petitioner filed an application for post-conviction relief ("PCR") on February 25, 2003 (2003-CP-38-253). He raised the following grounds for relief in the Application:



1. Ineffective Assistance of trial counsel

(A) Trial counsel was constitutionally ineffective and unduly prejudiced applicant in violation of the South Carolina Constitution Article I, §14 and the United States Constitution Amendment VI in the following particulars:

(i) Through counsel's failure to object to and have the court rule as inadmissible any testimony or evidence relating to alleged telephone calls, threats, out of court statements, actions, or acts of Applicant that were not proven to be true by clear and convincing evidence.

---

[2] *See* Appendix at pp. 1-429.

Page 3 of 15

- (ii) Through counsel's failure to obtain and present available exculpatory evidence.
- (iii) Through counsel's failure to request a limiting instruction regarding prior bad act evidence.
- (iv) Through counsel's failure to object to flight evidence before Appellant was identified.
- (v) Through counsel's failure to request the court to instruct the jury on flight evidence.
- (vi) Through counsel's failure to disqualify State's arson witness as an expert, and at the same time to object to his testimony concerning the cause of the fire.

(B) Sentence structure is in violation of the South Carolina Constitution.

(C) I was denied my U.S. Constitution Sixth Amendment right to effective assistance of counsel prior to trial and during the trial.

- (i) Prior to trial[,] counsel failed to motion [sic] the court in objection to state's witnesses testifying about alleged threatening, harassing telephone calls made by applicant as well as a charge of Unlawful Use of Telephone for which applicant had not been convicted.
- (ii) Counsel failed to motion [sic] the court to instruct the jury that the evidence presented of another crime, not the subject of conviction, could only be given consideration during their deliberation.
- (iii) Counsel was ineffective for failing to obtain and present exculpatory evidence in rebuttel (sic) to victim's testimony that applicant called her at her mother's home the evening of July 18, 2000 and threatened to burn the trailer down.
- (iv) Counsel was ineffective for failing to conduct a pretrial investigation of the clothes and tennis shoes applicant was wearing when arrested.
- (v) Counsel was ineffective for failing to argue to the trial court that the State failed to prove applicant stated the fire, in the motion for directed verdict.

The State made its Return and Motion to Dismiss on May 12, 2003. The State argued that PCR was not available to Petitioner at that time because jurisdiction of the case was with the South Carolina Court of Appeals and asked that the application be dismissed.

### C. Petitioner's Second Application for Post-Conviction Relief

On November 20, 2003, after the South Carolina Supreme Court had denied Petitioner's March 2003 Petition for a Writ of Certiorari, Petitioner filed a second Application for PCR (the "Second PCR") (2003-CP-38-1446). In the Second PCR, Petitioner alleged the following grounds for relief:



1. The trial court lacked subject matter jurisdiction to tried (sic) and sentence the Applicant, thus violating rights under the S.C. Const., Art. I § 3, and the 4th Amendment to the United States Constitution.

2. Trial counsel render[ed] ineffective assistance of counsel for his failure to do a proper investigation of the 4th Amendment violation which caused the applicant to be arrested, tried, and convicted without probable cause being established.

3. Trial counsel render[ed] ineffective assistance of counsel for his failure to make proper objections to the solicitor's improper comments, during closing summation. Counsel['s] failure to seek a curative instruction allowed the jury to infer and make a finding on an improper basis.

4. Trial counsel render[ed] ineffective assistance of counsel for his failure to make objections to the solicitor's vouching for the state[']s key witnesse's (sic). Counsel[']s failure, allowed the jury to draw the inference that applicant[']s witnesse's (sic) were lying and the state witnesses were telling the truth.

5. Trial counsel render[ed] ineffective assistance of counsel for counsel[']s failure to make proper objections to the solicitor's numerous comments throughout applicant's trial of prior bad acts, for[ ]which the applicant had never been tried nor convicted.

6. Trial counsel[']s failure to disnqualify (sic) state's arson witness, James Helms, as an expert, after the court offered counsel the opportunity. Render counsel's assistance ineffective.

7. Trial counsel[']s failure to call and examine witnesses and elicit exculpatory testimony which would have put reasonable doubt in the minds of the jurors as to applicant's temporal ability to commit the crime. Render counsel's assistance ineffective and irreparably prejudiced the applicant in violation of the Constitution of the United States, specifically the Sixth and Fourteenth Amendments to the United States Constitution and the South Carolina Constitution, Art. I, § 14. (sic)

On December 2, 2003, the State made a motion to merge the two PCR actions. The Second PCR Application (case number 2003-CP-38-1446) was treated as an amendment to the initial PCR Application. The State made an Amended Return on October 26, 2004, requesting that the court convene an evidentiary hearing solely on the issue of ineffective assistance of counsel. As to all other allegations, the Respondent moved for summary dismissal pursuant to S.C. Code Ann. § 17-27-70 on the grounds that there was no genuine issue of material fact which would necessitate en evidentiary hearing, and that Petitioner's allegations should be dismissed as a matter of law.



On December 7, 2004, Petitioner filed a Supplement to Application for PCR, alleging the following grounds:

1.  Applicant was denied his Sixth and Fourteenth Amendment rights to the United States Constitution wherein he was tried, convicted, and sentenced, by a court that lacked subject matter jurisdiction.

    (A)  The trial Court lacked subject matter jurisdiction because the Applicant was not provided Constitutionally adequate notice of the charges against him so as to permit him to prepare a defense and meet the charges against him.

    (B)  The Court lacked subject matter jurisdiction to convict and sentence Applicant wherein the indictment did not properly allege the essential elements of the offense charged.

2.  Applicant was denied his Sixth and Fourteenth Amendment right to the Effective Assistance of Trial Counsel.

    (A)  Counsel rendered ineffective assistance wherein he failed to investigate and litigate the Fourth Amendment Violations because the arrest warrant lacked sufficiency of sworn material fact for an independent magistrate to find probable cause for arrest.

    (B)  Counsel rendered ineffective assistance wherein counsel failed to object to prosecutorial misconduct wherein the prosecutor vouched for the credibility of the government witnesses.

    (C)  Counsel rendered ineffective assistance wherein he failed to object to the references of the alleged prior bad acts of the Applicant for which the Applicant was not convicted.

    (D)  Counsel rendered ineffective assistance wherein counsel advised the Applicant to waive his right to testify in his defense.

    (E)  Counsel rendered ineffective assistance in failing to adequately argue that Applicant was entitled to a directed verdict of acquittal and that there was insufficient evidence for a rational jury to find the Applicant guilty of the crime of arson beyond a reasonable doubt.

The Respondent moved to strike Petitioner's Supplement because it was signed by Petitioner, not by Petitioner's attorney of record, Virgin Johnson, Esquire.



The Honorable James C. Williams, Jr. held an evidentiary hearing on January 12, 2005, at the Orangeburg County Courthouse. Petitioner was present at the hearing; and represented by Virgin Johnson, Esquire. After hearing testimony from Petitioner and six (6) other witnesses, Judge Williams took the matter under advisement.[3] On January 27, 2005, the PCR application was denied and dismissed by an Order of Dismissal With Prejudice. Judge Williams' Order of Dismissal only addressed the merits of three claims of ineffective assistance of counsel:

---

[3] Testimony was taken from Petitioner's counsel, Clyde Dean, Esquire and also from Jeff Holcombe, Esquire, Mr. Dean's co-counsel at trial.

Page 6 of 15

(1) counsel's failure to fully investigate the case; (2) counsel's failure to go over Petitioner's rights to testify; and (3) counsel's failure to elicit answers to questions. Judge Williams analyzed Petitioner's claims under the familiar two-prong test articulated in Strickland v. Washington[4] and held, with respect to the first allegation, that Petitioner failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney, and even if Petitioner had proven the first prong of the Strickland test, the Petitioner failed to prove that there was a reasonable probability that counsel's deficient conduct prejudiced the outcome of his trial.

Next, with respect to Petitioner's allegation that his counsel was ineffective for failing to discuss his right to testify, Petitioner's trial counsel testified that this matter was discussed and Petitioner decided not to testify. Petitioner's trial counsel also noted that Petitioner had an extensive criminal record. Judge Williams found that counsel's testimony was credible, while Petitioner's testimony was not credible. Judge Williams held that Petitioner had failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard, and, even if Petitioner had proven the first prong of the Strickland test, the Petitioner failed to prove that there was a reasonable probability that counsel's deficient conduct prejudiced the outcome of his trial.



As to the third claim, Petitioner asserted that his counsel was ineffective for failing to elicit testimony from witnesses that he was drunk on the night of the crime, and thus could not have run from the arson scene. Judge Williams found that this issue was a matter of trial strategy and thus did not constitute ineffective assistance of counsel. Finally, the court found that the Petitioner failed to present any probative evidence regarding any of the other allegations that were not specifically addressed in the Order.

The Order of Dismissal with Prejudice specifically advised the Petitioner and his attorney that any Notice of Appeal had to be filed within thirty (30) days of service of the signed copy, which occurred on January 31, 2005. Service was made upon Petitioner's PCR attorney, Mr.

---

[4] Strickland v. Washington, 466 U.S. 668 (1984).

Johnson. Significantly, Petitioner did not appeal Judge Williams' Order to the South Carolina Supreme Court.

## IV. FEDERAL COURT HISTORY

### A. Wigfall's Petition for a Writ of Habeas Corpus

On July 12, 2005, Wigfall filed his Petition for a writ of habeas corpus. [1-1] The Petition set forth one (1) ground for relief:

> 1. Conviction obtained through the denial of the right of the effective assistance of trial counsel through violations of United States Constitutional Amendments V, VI, and XIV.

On August 8, 2005, the undersigned issued an Order which authorized service on William M. White and Henry D. McMaster (collectively, the "Respondents"), and notified Wigfall of the change of address rule. [4-1] On September 20, 2005, the Respondents filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment ("Motion for Summary Judgment"). [8-1; 7-1]

On September 27, 2005, the undersigned issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Wigfall of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Motion for Summary Judgment.[5] [10-1]



Also on September 27, 2005, Petitioner filed a "Motion for 'Stay' & 'Abeyance' on Tolling Pending Disposition of State-Court Filed PCR Regarding Unexhausted IAC Claim in State Supreme Court." [11-1] Petitioner's Motion for Stay requested that this court toll the AEDPA's one-year statute of limitations so that Petitioner could more fully develop the factual basis of his "meritorious claim of 'ineffective assistance of counsel'" which Petitioner wished to present to this court. Petitioner contended that he was preparing to file a PCR application on the basis that his "PCR counsel failed to preserve his statutory right to appeal the dismissal of his

---

[5] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

initial 'IAC' claim to the state's hightest [sic] court[.]"[6] Petitioner requested that this court stay the AEDPA's tolling, "pending disposition of the forthcoming APCR[.]"[7]

In response, the Respondents filed a Return [12-1] on October 5, 2005 in opposition to Petitioner's Motion for Stay, arguing that Petitioner appeared to have made a strategic decision not to appeal the PCR court's Order of Dismissal With Prejudice. In support of this argument, Respondents first point out that the PCR Order explicitly stated that any Notice of Appeal had to be filed within thirty (30) days of service, and thus Petitioner was advised, in writing, of the time in which he had to file an appeal.[8] Petitioner did not file an appeal within thirty (30) days of service of the Order on his counsel, which occurred on January 31, 2005. Furthermore, Respondents allege that Petitioner failed to support his Motion for Stay with his own affidavit or one from Mr. Johnson to the effect that his Motion for Stay has merit on the grounds that Petitioner informed his counsel that he wished to appeal, but his counsel failed to file the appeal.

In response to Respondents' Opposition, Petitioner filed an Affidavit [14-1] on October 14, 2005 which stated that it served as an objection and opposition to the State's Motion for Summary Judgment.[9] Petitioner objected to the Respondents' argument that Petitioner had made a strategic decision not to appeal, and argued that his counsel's failure to file an appeal after having been instructed to do so was a defect that could be cured by his "currently pending" application for post-conviction review.[10] Petitioner further argued that his Motion for Stay should be granted because of the Supreme Court's recent holding in Rhines v. Weber, 544 U.S. ---, 125 S.Ct. 1528 (March 30, 2005).

---

[6]   See Motion for Stay [11-1] at pp. 2-3.

[7]   Id.

[8]   After Respondents received the Petitioner's Motion to Stay, counsel for Respondents contacted Petitioner' PCR counsel, Mr. Johnson, and enquired about whether Petitioner had made a waiver of his right to appeal. Mr. Johnson indicated that the file was archived, but he would provide Respondents with any correspondence regarding this matter. Thereafter, according to counsel for Respondents, Mr. Johnson was unable to provide any information regarding this matter.

[9]   See Affidavit [14-1] at ¶ 1.

[10]  See Affidavit [14-1] at ¶¶ 3-4.

### B. The Standard for Determining a Motion for Summary Judgment

The determination of the Respondents' Motion for Summary Judgment is governed by the holding in Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. Stone v. University of Md. Medical Sys. Corp., 855 F.2d 167 (4th Cir. 1988).

### C. Habeas Corpus Review

#### 1. The Antiterrorism and Effective Death Penalty Act

##### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A "properly filed application for State post-conviction relief" tolls the time for filing. 28 U.S.C. § 2244(d)(2).[11]



---

[11]   The full text of Section 2244(d) is as follows:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

### B. Exhaustion of State Court Remedies

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "The exhaustion doctrine . . . is now codified at 28 U.S.C. § 2254(b)(1)." Id., (internal citations omitted). This Court's exhaustion requirements under Section 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]
>
> To satisfy the exhaustion requirement, a habeas petition must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.] [12]



In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160 (the "Act"). The applicant may allege constitutional violations in a PCR proceeding, but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998), citing S.C. Code Ann. §§ 17-27-20(a)(1), (b). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 329 S.C. at 42, 495 S.E.2d at 428. As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. In Re Exhaustion of State

---

retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[12] Matthews v. Evatt, 105 F.3d at 910-11 (citations omitted).

Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

Just as the exhaustion doctrine requires that a claim be fairly presented to all appropriate state courts before it is raised in a Section 2254 petition, if a claim has not been presented but no state remedy remains available, the claim will be considered procedurally defaulted. Teague v. Lane, 489 U.S. 288 (1989). A claim that has been procedurally defaulted in state court usually will not be reviewed in a Section 2254 petition.

In the present case, Petitioner's claims are procedurally defaulted because Petitioner failed to file a Petition for a Writ of Certiorari in the South Carolina Supreme Court following the PCR court's denial of relief. "[F]ederal review is inappropriate if a prisoner failed to raise his claim and have it reviewed by a state court. . . . [U]nless the prisoner raises the specific objections before the state court, we cannot determine whether the state court has properly applied federal constitutional principles, or for that matter, whether the state court has even considered these issues at all. In short, we have no state court judgment to review." Kornahrens v. Evatt, 66 F.3d 1359, 1362 (4th Cir. 1995). Petitioner's failure to perfect an appeal is fatal to his case. *See* Id.



To the extent that Petitioner is alleging that his PCR counsel was ineffective in failing to file an appeal from Judge Williams' Order, this claim would be construed as alleging ineffective assistance of counsel on collateral review. Petitioner's claim, however, does not state a claim cognizable in federal habeas corpus because there is no federal constitutional right to counsel in collateral proceedings. It is clear that "the ineffectiveness or incompetence of counsel during Federal or State post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

Furthermore, it must be noted that at the time that Judge Williams issued his order denying Petitioner's application for PCR, the South Carolina Supreme Court had never specifically required counsel to advise a PCR applicant of the right to appellate review of the denial of PCR. *See* Sutton v. State, 361 S.C. 644, 606 S.E.2d 779 (2004) (holding that neither trial nor appellate counsel are required to advise a client of the right to file a PCR application or

the time limits for filing.). On September 26, 2005, however, the South Carolina Supreme Court issued an opinion which abrogated Sutton, and expressly stated "that counsel is required to advise an applicant of the right to appellate review of the denial of PCR." Bray v. State, – S.C. –, – S.E.2d –, 2005 WL 2351869 (S.C.) Accordingly, at the time Judge Williams issued his order, Petitioner's counsel was not required to advise Petitioner of his right to appellate review. Thus, Petitioner's argument that his counsel was ineffective is without merit.

Finally, Petitioner's reliance on Rhines v. Weber, 544 U.S. ---, 125 S.Ct. 1528 (March 30, 2005) is misplaced. Rhines held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance, and then return to federal court for review of his perfected petition. In the case *sub judice*, Petitioner already has had the opportunity to present his claims to the state court, and therefore Petitioner's "stay and abeyance" argument is meritless.

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Respondents' Motion for Summary Judgment **[8-1] be granted** and Petitioner's Motion for Stay **[11-1] be denied.**

George C. Kosko
United States Magistrate Judge

November 14, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial**

resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating
>
> only 'I object' preserves no issue for review. * * * A district judge should not have
>
> to guess what arguments an objecting party depends on when reviewing a
>
> [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
